FILED
JUN 16 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Victor B. Perkins,<br><br>Plaintiff,<br><br>v.<br><br>John Ashcroft *et al.*,<br><br>Defendants. | ) | Civil Action No. 17-963 (UNA) |

MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff is civilly committed at the Federal Medical Center in Rochester, Minnesota, "and not considered a prisoner." *Perkins v. Beeler*, 207 Fed. Appx, 262, 2006 WL 347394 (4th Cir. Dec. 1, 2006) (citing 28 U.S.C. § 1915(h)). Plaintiff has sued five former attorneys general—Janet Reno, John Ashcroft, Alberto Gonzales, Eric Holder, Jr., and Loretta Lynch— under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He alleges that his civil commitment under 18 U.S.C. § 4246(d) for more than 24 years violates the Constitution and his civil rights. Plaintiff seeks an order vacating the commitment and "a financial award of ten million . . . dollars." Compl. at 7.

As this court has previously determined, plaintiff's claim to be released must be pursued by way of a petition for a writ of habeas corpus in the judicial district in the State where he is incarcerated, which is currently the U.S. District Court for the District of Minnesota. *See Perkins v. Holder*, No. 10-2229, 2010 WL 5373930, at *1 (D.D.C. Dec. 22, 2010) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988), citing *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)). Moreover, the court also determined that because plaintiff's claims go to the fact of his incarceration, he cannot recover monetary damages without showing that his confinement has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Id.* (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Perkins v. Ashcroft*, No. 07-2023, 2007 WL 3376687, at *1 (D.D.C. Nov.8, 2007), *aff'd*, 275 Fed. App'x. 17 (D.C. Cir. 2008); *Perkins v. Anderson*, No. 06–4021, 2006 WL 3392787, at *1 (D.Minn. Nov.21, 2006); *Perkins v. United States*, No. 5:01–HC–509, 2001 WL 34704518, at *1 (E.D.N.C. July 26, 2001) (other citation omitted)); *see also Henderson v. Bryant*, 606 Fed. Appx. 301, 304 (7th Cir. 2015), citing *Huftile v. Miccio–Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (applying *Heck's* habeas channeling rule to civil detainees). Nothing in the instant complaint suggests that plaintiff's civil commitment has been invalidated. Consequently, the complaint and this case will be dismissed as well. A separate order accompanies this Memorandum Opinion.

United States District Judge

Date: June 9, 2017